```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE STEWART, LAMONT BULLOCK,  :   CIVIL NO. 3:07-CV-01916
NATHAN RILEY and                :
DERRICK MUCHINSON,              :   (Judge Caputo)
                                :
          Plaintiffs            :   (Magistrate Judge Smyser)
                                :
     v.                         :
                                :
JEFFREY BEARD, JOHN PALAKOVICH, :
JAMES FOUSE and WILLIAM FELTON, :
                                :
          Defendants            :
```

## REPORT AND RECOMMENDATION

The plaintiffs, four prisoners proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. Plaintiffs Stewart, Bullock and Munchinson are inmates at the State Correctional Institution at Smithfield (SCI-Smithfield). Plaintiff Riley, who was formerly incarcerated at SCI-Smithfield, is an inmate at the State Correctional Institution at Greene (SCI-Greene).

The defendants named in the complaint are: 1) Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; 2) John Palakovich, Superintendent at SCI-Smithfield; 3) James

Fouse, Safety Manager at SCI-Smithfield; and 4) William Felton, Facility Maintenance Manager at SCI-Smithfield.

The plaintiffs claim that the defendants are violating the Eighth Amendment by keeping lights on in the Restricted Housing Unit of SCI-Smithfield twenty-four hours a day.

Pursuant to the case management order dated June 4, 2008, the discovery period closed on December 5, 2008 and the deadline for filing dispositive motions was February 6, 2009.

On December 16, 2008, the defendants filed an answer to the complaint.

On January 23, 2009, plaintiff Riley filed a motion for summary judgment, a brief and an affidavit in support of that motion. The defendants have not filed a brief in opposition to the motion for summary judgment.[1] Pursuant to Local Rule 7.6,

---

[1] On March 13, 2009, the defendants filed a document entitled "Statement of Material Facts in Genuine Issue." Plaintiff
(continued...)

2

the defendants are deemed not to oppose the motion.  Even though the defendants are deemed not to oppose the motion, we must determine whether the plaintiff is entitled to judgment as a matter of law. *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (even where motion for summary judgment is unopposed court must determine if moving party is entitled to judgment as a matter of law).

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi*

---

[1](...continued)
Riley has not filed a statement of facts as required by Local Rule 56.1.  Thus, the document filed by the defendants in not in response to any statement of facts filed by the plaintiff. To properly oppose the motion, the defendants should have filed a brief in opposition to the motion.  Moreover, even were we to construe the document filed by the defendants on March 13, 2009 as a brief in opposition to the motion, the brief would be untimely. *See Local Rule 7.6* (stating that brief in opposition to motion shall be filed within fifteen days after service of the movant's brief).

*Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

An Eighth Amendment claim gives rise to a two prong analysis.  Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992).  As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards

4

that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The only evidence that plaintiff Riley has presented in support of his motion for summary judgment is his affidavit. In his affidavit, plaintiff Riley points to a page in his medical records which he states indicates that he signed up for sick call complaining to the medical department about suffering from headaches, blurred vision and lack of sleep due to the lighting situation.  Plaintiff Riley has not presented any evidence that the defendants named in this case were deliberately indifference to his health or safety. Accordingly, plaintiff Riley has not established that he is entitled to judgment as a matter of law.  We will recommend that the plaintiff's motion for summary judgment be denied.

Because the deadline for filing dispositive motions has passed and there are no other motions[2] pending in this case, we will also recommend that the case be listed for trial.

Based on the foregoing, it is recommended that plaintiff Riley's motion (doc. 74) for summary judgment be denied and that the case be listed for trial.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 17, 2009.

---

[2] By a separate order, we have addressed two other motions that were pending in this case.