# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE STEWART, LAMONT BULLOCK, NATHAN RILEY, and DERRICK MUNCHINSON, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY BEARD, JOHN PALAKOVICH, JAMES FOUSE, and WILLIAM FELTON, <br><br> Defendants. | CIVIL ACTION NO. 3:07-cv-1916 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is the Defendants' Motion in Limine (Doc. 123) to exclude evidence previously considered in a prior Pennsylvania opinion on May 1, 2009, in case number 102 M.D. 2007 (Doc. 122, Ex. A) (hereinafter "Opinion"). Defendants argue that issue preclusion bars Plaintiffs Bullock, Riley, and Munchinson from re-litigating the issue of continuous illumination and its effects upon them. Re-litigation of an issue of fact or law determined in a prior proceeding is precluded under the doctrine of collateral estoppel if five requirements are met:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Erisco Indus. v. Workers' Comp. Appeal Bd.*, 955 A.2d 1065, 1069 (Pa. Commw. Ct. 2008) (citing *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47 (Pa. 2005)). After

reviewing the record of the state action, as presented on this record by the parties, the Court cannot conclude that the Plaintiffs had a full and fair opportunity to litigate these issues in the prior proceeding. In the Pennsylvania opinion, the court deemed the issue of the light bulb's wattage as admitted; it did not reach a factual conclusion after hearing the Plaintiffs' evidence. (Opinion at 7-8.) The prior opinion also did not resolve any factual issues as to the impact of the lighting. (Opinion at 5.) Therefore, the Plaintiffs will not be precluded from presenting evidence in support of their claims in this case. The Defendants' motion will be denied.

**NOW**, this 22nd day of December, 2009, **IT IS HEREBY ORDERED** that the Defendants Motion in Limine (Doc. 123) is **DENIED**.

                                                         /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge