# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE STEWART, LAMONT BULLOCK, NATHAN RILEY, and DERRICK MUNCHINSON, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY BEARD, JOHN PALAKOVICH, JAMES FOUSE, and WILLIAM FELTON, <br><br> Defendants. | CIVIL ACTION NO. 3:07-cv-1916 <br><br><br> (JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Before me is Plaintiff's Motion for a temporary restraining order ("TRO"). (Doc. 163.) In this motion, the Plaintiff seeks to restrain Defendants from withholding "legal property and material relevant to this civil action, including all the evidence for trial and in support of Plaintiffs [sic] motions for sanctions. . . ." (Pl.'s Mot. for TRO 1, Doc. 163.) Rule 65 of the Federal Rules of Civil Procedure governs the grant or denial of temporary restraining orders, and provides in relevant part:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

FED. R. CIV. P. 65(b). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for

in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

Plaintiff's allegations fail to establish irreparable harm with respect to the withholding of legal and other materials. Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way or protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. *Id.* Even if Plaintiff's assertions are correct and he is presently being deprived of his legal property, such an injury is far from irreparable. Because Plaintiff has failed to establish irreparable harm with respect to the allegations that he makes to support his motion for a TRO, the motion for a TRO will be denied.

**NOW**, this  14th  day of April, 2010, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Doc. 163) is **DENIED**.

    /s/ A. Richard Caputo  
    A. Richard Caputo  
    United States District Judge