# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE STEWART, LAMONT BULLOCK, NATHAN RILEY and DERRICK MUNCHINSON,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY BEARD, JOHN PALAKOVICH, JAMES FOUSE and WILLIAM FELTON,<br><br>Defendants. | CIVIL ACTION NO. 3:07-CV-1916<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

On April 21, 2010, I determined that a hearing regarding Plaintiff Lamont Bullock's allegations regarding the danger to his health supported the necessity of a hearing on his application for a Temporary Restraining Order. (Doc. 172.) The hearing was scheduled for, and held on, May 7, 2010. It was conducted by video conference. The Plaintiff appeared *pro se*, and Defendants were represented by counsel. Plaintiff seeks injunctive relief in the form of a transfer to another facility and release from the restricted housing unit.

The Plaintiff testified that he is currently being denied medical care and treatment for a multitude of maladies, to wit: HIV, herpes simplex, Hepatitis C, Hepatitis A and B, syphilis, diabetes, osteoarthritis, kidney disease, and blindness. He also testified as to severe weight loss in the past several months, which he contends is indicative of many of the foregoing conditions as well as food poisoning. The latter he contends is being caused by guards intentionally contaminating his food with fecal matter, urine and arsenic. The prison doctor, Dr. Long, confirmed that Plaintiff has Hepatitis C, but testified that Plaintiff has refused the treatment therefor viz, Lactulose. He further confirmed that Plaintiff has osteoarthritis and

asthma. Dr. Long testified Plaintiff's HIV tests (the latest of which was April 28, 2010) were negative, that he did not have Hepatitis A or B, syphilis, kidney disease, anemia, thyroid condition, diabetes or blindness. He testified he had herpes simplex but was cured. Dr. Long noted the Plaintiff's weight loss of fourteen (14) pounds (194 to 180) from mid-March, 2010 to May 7, 2010, and indicated it would be monitored.

Plaintiff offers his thought that the Defendants are conspiring to kill him by poisoning him and by not treating his ailments. He also suggests that his medical records have been altered to reflect the fact that he does not have diseases and ailments that he does have. Curiously, he cites the same medical records in some instances to establish the particular condition in the first instance. There are various blood test results in Plaintiff's file which confirm Hepatitis C, and which negate herpes simplex (Dr. Long testified it was treated and cured), diabetes, Hepatitis A and B, syphilis, kidney disease, anemia, thyroid disease and HIV. His records indicate he has asthma, an enlarged prostate and osteoarthritis. Other than Plaintiff's accusations that the records are fabricated and the tests are fabricated as well, these assertions are simply not corroborated. Moreover, the recent testing is relied on by Plaintiff to establish some of his maladies. The contention they are false is simply not proven.

Of concern is the weight loss noted above, but the Court has no reason to believe this will not be addressed prospectively.

As has been noted previously, injunctive relief is an extraordinary remedy which should only be granted in limited circumstances. *A.T.&T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426027 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is

2

especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp. 2d 456, 459 (D. Del. 1999). Moreover, the criteria for the grant of an injunction are (1) a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the Court denies relief; (3) that even greater harm will not befall Defendant if the Court should grant relief; and (4) that granting preliminary relief will be in the public interest. *Forum For Academic and Institutional Rights v. Rumsfield*, 390 F.3d 219, 228 (3d Cir. 2004).

Here, the Plaintiff has failed to establish that he will suffer irreparable harm if the injunction is not granted. Plaintiff has also failed to prove his theory of the case as noted above. Moreover, it appears that his medical issues are identified and treatment is being given or offered.

Given that the requirement of irreparable harm has not been met, I will not address the other requirements for injunctive relief.

The request for relief will be denied. An appropriate Order follows.


Date: May 18, 2010              /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVE STEWART, LAMONT BULLOCK, NATHAN RILEY and DERRICK MUNCHINSON,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY BEARD, JOHN PALAKOVICH, JAMES FOUSE and WILLIAM FELTON,<br><br>Defendants. | CIVIL ACTION NO. 3:07-CV-1916<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 18th day of May, 2010, **IT IS HEREBY ORDERED** that Plaintiff, Lamont Bullock's Motion for Emergency Temporary Restraining Order (Doc. 169) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge