# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE STEWART, LAMONT BULLOCK,
NATHAN RILEY and DERRICK
MUNCHINSON,

    Plaintiffs,

    v.

JEFFREY BEARD, JOHN PALAKOVICH,
JAMES FOUSE and WILLIAM FELTON,

    Defendants.

CIVIL ACTION NO. 3:07-CV-1916

(JUDGE CAPUTO)

## MEMORANDUM

    This case was brought under 42 U.S.C. §1983 by four Pennsylvania State inmates claiming that the illumination of a segregated unit cell twenty-four hours a day, seven days a week constituted a violation of the Eighth Amendment to the Constitution of the United States. They claim that it caused headaches, sleep deprivation, blurry vision, psychological issues, and the aggravation of existing psychological conditions. The case was heard without a jury on July 12, 2010 and July 13, 2010, and at the conclusion of testimony, the Defendants moved for judgment as a matter of law on the basis that the light was a 9 watt, 600 lumen light and that there were sufficient penological reasons for its existence. Because I cannot find, as a matter of law, that the Defendants are entitled to judgment, the Defendants' motion for judgment as a matter of law will be denied. Having heard the case to conclusion, I issue this decision on the merits of the case.

    The case at hand concerns the segregation unit, known as the Restricted Housing Unit ("RHU") at the State Correctional Institution at Smithfield. The evidence established that the lights used were low intensity using nine (9) watt, six hundred (600) lumen bulbs which

were measured to give off less than two (2) foot-candles of illumination to the RHU cells.[1] Photographs of the light established that it was low intensity in nature. The proffered penological reasons for its existence were the security of staff and inmates. With respect to the former, it guarded against aggressive conduct toward staff when making necessary visits to the cell block. The conduct envisioned is throwing or squirting of body fluids and waste at staff. Illumination also allowed the staff to see into the cell as they approached it rather than wait to arrive in front of it and switch on the light. It also allowed for the safety of the inmate in that staff could determine whether an inmate was sick or injured. The Plaintiffs argued these reasons were not sufficient when measured against the negative impact on inmates.

It is important to note that the illumination of RHU cells twenty-four hours a day is a specific published policy of the Pennsylvania Department of Corrections. (Def.'s Ex. 1). The policy states:

> 2. Lighting
>    a. Lighting in inmate cells is at least 20 foot-candles at desk level and in personal grooming areas.
>    b. Security night lighting shall remain on in cells at all times.
>    c. Covering/modifying of cell lights by inmates is prohibited.
>    d. Control Room lights shall be turned off as needed.

(Def.'s Ex. 1, 6.5.1, Administration of Security Level 5 Housing Units.)

---

[1] A lumen is a metric unit of measure used to measure the rate at which light energy falls on a surface. Barrow, Bruce B., *Metric system*, World Book Online InfoFinder, World Book (2010). Because bulbs using the same wattage can give off differing levels of illumination, light bulbs are also rated in terms of the number of lumens they produce. *Id.* A foot-candle is a unit for measuring the illumination of an area in the inch-pound system customarily used in the United States. Helms, Ronald N., *Foot-candle*, World Book Online InfoFinder, World Book (2010).

2

Because the twenty-four hour lighting providing less than two (2) foot- candles of illumination addresses legitimate penological interests, and further, has not caused "unquestioned and serious deprivations of basic human needs", *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 418 (3d Cir. 2000) (internal citations omitted), I find in favor of the Defendants and against the Plaintiffs.

**DISCUSSION**

The United States Supreme Court has not addressed the issue of twenty-four hour cell illumination, however, several courts have. Those in which proof was taken have determined that a low intensity, twenty-four hour light, while an inconvenience to inmates, addressed legitimate penological security concerns, and was not a violation of the Eighth Amendment. *See Wills v. Terhune*, 404 F. Supp. 2d 1226, 1231 (E.D. Cal. 2005). The court in *King v. Frank*, 371 F. Supp. 2d 977 (W.D. Wisc. 2005), found that an inmate in a segregation unit was not deprived of a basic human need by the presence of a constantly illuminated nine (9) watt bulb in his cell. *Id.* at 985. In *Pawelski v. Cooke*, No. 90-C-949-C, 1991 WL 403181 (W.D. Wis. July 18, 1991) *aff'd,* 972 F.2d 352 (7th Cir. 1992) it was concluded that twenty-four hour illumination of a cell with a forty (40) watt bulb for security reasons amounted to "no more than an inconvenience to the segregation inmates", and affirmed the grant of summary judgment in favor of the prison officials. *Id.* at *5. In this case, the evidence demonstrated that less than two (2) foot-candles of illumination was present in the cells twenty-four hours. This low level of illumination, in light of the security needs in the RHU, is insufficient to rise to the level of an Eight Amendment violation.[2]

---

[2] For comparison, the Illuminating Engineering Society of North America ("IESNA") recommends that a retail store should have between fifty (50) and eighty (80) foot-candles

Further, while Plaintiffs claimed serious health consequences, viz, sleeplessness, blurry vision, headaches and psychological problems, there is no corroboration of any such problems being caused by the twenty-four hour light. Indeed, when any of the foregoing conditions are mentioned in their medical records, the Plaintiffs do not attribute any of such problems to the cell illumination. It was also established that the Plaintiffs could avoid any discomfort from the light by covering their face with a pillow, pillow case or the like, as well as turning away from the light when sleeping.[3] I find that Plaintiffs did not provide sufficient evidence to establish, by a preponderance of the evidence, that the lighting caused any of the consequences of which they complained.

Thus, in accordance with the persuasive case law dealing with factually similar circumstances, and noting the legitimate security concerns and the concomitant inconvenience to the Plaintiffs, which does not rise to the level of depriving them of the "minimal civilized measure of life's necessities", *Tillman*, 221 F.3d at 418, I find in favor of Defendants and against Plaintiffs and make the following Findings of Fact and Conclusions of Law.

---

of illumination, while an inactive warehouse should have between fifteen (15) and twenty (20) foot-candles. *IESNA Recommended Foot Candles Chart*, North American Energy Group, http://www.naeg.com/cost-savings/foot-candles-chart.htm (last visited July 29, 2010).

[3] While it is clear the Plaintiffs were exposed to the lighting conditions described above in the segregation unit they occupied, there was evidence that another segregation at Smithfield has milder blue lighting twenty-four hours a day. Proof of whether such lighting is feasible in all segregation units was not presented.

**FINDINGS OF FACT**

1. During the relevant time period, Plaintiffs were housed in the RHU at the State Correctional Institution at Smithfield, Pennsylvania.

2. The RHU is a unit where inmates are segregated from the general population for disciplinary or administrative reasons.

3. Each cell in the RHU, including those inhabited by Plaintiffs were illuminated twenty-four hours a day by nine (9) watt, six hundred (600) lumen light bulbs providing between one (1) and two (2) foot-candles of illumination.

4. The light was low intensity in nature.

5. The cell illumination allowed for staff to see into a cell before arrival.

6. This ability to see into the cell assisted in discouraging any aggressive conduct by an occupying inmate toward a staff member.

7. The aggressive conduct of concern included, but was not limited to, the throwing or squirting of body fluids and body waste at staff members.

8. The provision for the twenty-four hour cell lighting in the RHU is found in a published policy of the Pennsylvania Department of Corrections, § 6.5.1, which provides in pertinent part that: "Security night lighting shall remain on in cells at all times."

9. The cell lighting, while inconvenient to Plaintiffs, did not result in sleep deprivation, blurry vision, headaches and psychological problems to the extent any such condition required medical attention or treatment.

10. Plaintiffs could avoid the effects of the lighting by covering their eyes with a pillow, a pillow case or the like.

**CONCLUSIONS OF LAW**

1. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

2. The twenty-four hour nine (9) watt, six hundred (600) lumen cell lights in the RHU cells of Plaintiffs address legitimate penological concerns; namely the prevention of assaults with body fluids and waste upon staff and the determination of the condition of an inmate in the cell.

3. While the light causes inconvenience to Plaintiffs, it does not cause "unquestioned and serious deprivations of human needs". *Tillman v. Lebanon Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000)(internal citations omitted).

4. The night lighting addresses legitimate penological security concerns and is not a violation of Plaintiffs' rights under the Eighth Amendment. *Wills v. Terhune*, 404 F. Supp. 2d 1226 (E.D. Cal. 2005); *King v. Frank*, 371 F. Supp. 2d 977 (W.D. Wisc. 2005); *Pawelski v. Cooke*, No. 90-C-949-C, 1991 WL 403181, at *5 (W.D. Wis. July 18, 1991) *aff'd,* 972 F.2d 352 (7th Cir. 1992).

5. The subject lighting did not deprive Plaintiffs of the "minimal civilized measure of life's necessities", and therefore does not violate their Eighth Amendment rights. *Tillman*, 221 F.3d at 418.

An appropriate Order follows.

| | |
|---|---|
|  July 30, 2010  |  /s/ A. Richard Caputo  |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE STEWART, LAMONT BULLOCK, NATHAN RILEY and DERRICK MUNCHINSON, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY BEARD, JOHN PALAKOVICH, JAMES FOUSE and WILLIAM FELTON, <br><br> Defendants. | CIVIL ACTION NO. 3:07-CV-1916 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this  30th  day of July, 2010, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1. Judgment is entered in favor of Defendants and against Plaintiffs.

2. Each party shall bear their own costs.

3. The Clerk of Court is directed to mark this case as **CLOSED**.

                                               /s/ A. Richard Caputo  
                                              A. Richard Caputo  
                                              United States District Judge